99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard W. EMERY, Defendant-Appellant.
 No. 95-3236.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Defendant, Howard W. Emery, appeals from an order of the magistrate judge granting partial summary judgment to the United States, the judgment rendered by the magistrate judge following a bench trial, and the court's denial of defendant's motion for a new trial. The cause was submitted to the magistrate judge by consent of the parties, and arose out of the government's contention that defendant had violated provisions found in the River and Harbor Act of 1899, as amended, 33 U.S.C. §§ 401-467(n) and the Clean Water Act of 1977, as amended, 33 U.S.C. §§ 1251-1387.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the magistrate judge erred in any of the particulars asserted by defendant.
 
 
 3
 Because the reasoning which supports the orders appealed from has been articulated by the magistrate judge, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the orders of the magistrate judge are affirmed upon the reasoning employed by that court in its Memorandum and Order filed on July 27, 1993, granting partial judgment, the Memorandum and Order filed on February 22, 1994, ordering that judgment on the issue of liability be granted to the government, and the Memorandum and Order filed on February 7, 1995, denying defendant's motion for a new trial.
 
 
 4
 WELLFORD, Circuit Judge, concurring in part and dissenting in part:
 
 
 5
 Howard Emery owns a parcel of real estate that is located on the banks of the Portage River in Port Clinton, Ohio and protected from the river by a dike. In 1987, Emery began a construction project that included a substantial refurbishing of the dike. In this lawsuit, the Army Corps of Engineers alleges that those activities, admittedly conducted without a permit, violated the Clean Water Act ("CWA") and the Rivers and Harbors Act of 1899 ("RHA"). The key issues in this appeal are: (1) whether the district court correctly ruled that the Corps has jurisdiction under the CWA and RHA to regulate Emery's construction activities; and (2) if so, whether the district court erred in concluding that Emery's work on the dike was not exempt from the permit requirements of the CWA and RHA.
 
 
 6
 Emery's dike work was exempt from the permit requirements of the CWA and RHA so long as the structure was "currently serviceable" at the time of the refurbishing in 1987, which means that the dike must have been "useable as is or with some maintenance but not so degraded as to essentially require reconstruction." 33 C.F.R. § 330 App. A, B.2. The Corps concedes that the dike was currently serviceable when Emery purchased the property in 1983, and the district court found that, despite periodic inundation, the structure was intact and consistent as late as 1984. The court went on to find, however, that "an apparent breach" had developed near the center of the dike by 1986. Ultimately, the lower court concluded that the dike was not currently serviceable in 1987, holding that the fact that the structure had been overcome by water on a "perhaps predictable basis" since 1979 meant that it was not useable "as is or with some maintenance," and that the work done by Emery essentially constituted a "reconstruction" of the dike.
 
 
 7
 In my view, this is a very close question. The dike certainly existed, albeit in a degraded state, in 1987. Although the previous owner of the property, Gary Molnar, testified that the dike was not structurally sound,[1] the Corps investigator that deemed the dike unserviceable acknowledged that water levels in the Portage were historically high during the years immediately preceding 1987. This tends to undercut the district court's explanation for the periodic inundation of the land behind the dike. Moreover, in my view, Emery's dike work was probably more akin to maintenance and repair than reconstruction.
 
 
 8
 Despite these observations, I cannot say that the district court committed clear error in finding that the dike was not currently serviceable in 1987. Thus, I would AFFIRM on the issues that rest upon that determination. In contrast, I cannot accept the district court's conclusion that the area behind Emery's dike contains sufficient "hydric soils" to be deemed a "wetland" under the CWA. As a result, I DISSENT from the lower court's ruling as to the Corps' CWA jurisdiction in this case.
 
 
 
 [1]
 Molnar's testimony in this regard is contrary to that of the adjacent landowners, and, since Molnar had previously been involved in litigation with Emery, I construe his testimony to be hostile to Emery. Moreover, Molnar's testimony might have been influenced by the fact that he was seeking a permit from the Corps at the time